THE TOWN OF MARLBOROUGH *vs.* THE TOWN OF CHATHAM.

The act of 1878 (Session Laws of 1878, chap. 94, sec. 3,) provides that "all persons needing relief, who have no settlement in any town in this state, shall be state paupers, and shall, when needing relief, be provided for by the comptroller for the period of six months after they come into this state." Held, that the period intended, was the first six months of their pauperism, and not the first six months after their arrival in the state.

ACTION to recover for supplies furnished a pauper; brought to the Court of Common Pleas of Hartford County, and reserved, on facts found, for the advice of this court. The complaint contained three counts, the third of which alone related to the pauper in question—no question being made as to the others. The case is sufficiently stated in the opinion.

*C. H. Briscoe* and *J. P. Andrews*, for the plaintiffs.

*S. A. Robinson*, for the defendants.

PARK, C. J. No question is made in regard to the causes of action set forth in the first and second counts of the plaintiffs' complaint. In respect to them the defendants admit their liability.

The controversy is confined to the third count, in which the plaintiffs seek to recover of the defendants the expenses they have incurred in the necessary support of Michael

Kelley, claimed to have been a state pauper, the burden of whose support, upon the facts of the case, is said to have been cast upon the defendants.

The facts with regard to the migrations of Kelley are as follows: He came to the United States from Ireland in the month of March, 1872, and in April of that year to the town of Portland, in this state, where he remained till June, 1873. In July, 1873, he came to the plaintiff town and remained there till April, 1879, when he removed to the defendant town, and remained there till April, 1880. He then returned to the plaintiff town, and remained there till September, 1880, when he became a pauper, and applied to the town for support, which was furnished him to the amount sought to be recovered of the defendants in the third count of the complaint.

During all the time that Kelley was in the state prior to September, 1880, he supported himself. The plaintiff town first applied to the state to support him as a state pauper, but it refused to receive him as such, and then the selectmen of the town in due time legally notified the defendants that Kelley was being supported at their expense.

It is clear from these facts that Kelley had no legal settlement in any town in this state, and much less in the defendant town; consequently, if the defendants are liable for his support, it must be upon some other ground than settlement in that town. This the plaintiffs seem to admit, for they refer us only to the twenty-first section of the statute of 1878, (Session Laws 1878, chap. 94,) as imposing this liability upon the defendants. That section is as follows:—" All state paupers, after the period of six months, as provided in section three of this act, shall be sent back to the town where they resided when they applied for relief, and said last mentioned town shall thereafter be chargeable for their support until they shall have gained a settlement in some other town; provided said paupers shall have had a residence therein for a period of six months or more prior to the time when they applied for relief; but if said paupers shall not have had such resi-

dence in said town for the period aforesaid, and shall have had such residence in any other town in the state, said town in which they have last had such residence six months, or more shall be chargeable with their support. And if said paupers shall not have had a continuous residence in any town in this state for a period of at least six months, then the town in which they resided at the time they applied for relief, shall be chargeable with their support until they shall have gained a settlement in some other town in accordance with the provisions of this act." This section refers to section three of the same act. The part of that section important to the present case, is as follows : " All persons needing relief, who have no settlement in any town in this state, shall be state paupers, and shall, when needing relief, be provided for by the comptroller for the period of six months after they came into the state."

The plaintiffs claim that the period of six months during which the pauper is to be supported by the state, means the period of six months that first elapses after the pauper's arrival in the state ; and that inasmuch as Kelley during this period supported himself, the state was under no obligation by this section to furnish him any support. The defendants claim that the period of state support mentioned in the section, means the first six months of pauperism, whenever that might happen to be, and that, inasmuch as the plaintiffs' complaint is confined wholly to this period of Kelley's residence in that town, the state itself is under obligation to remunerate the plaintiffs, and not the defendants.

Here is the turning point of the case. The claim of the plaintiffs is technical ; and seems not to be based upon those considerations which must have induced the state to take upon itself the burden of furnishing support in the first instance to all those of the statute description needing relief.

It would seem that these considerations could not have been based upon a mere difference in the time when the relief should be needed, but rather upon the character of

the burden which some municipal body must bear, and the urgent necessities of the case. What reason is there for the supreme power of the state to make a distinction in the support it furnishes between the case of Kelley, who became a pauper after sojourning in various towns of the state without acquiring a settlement in any of them, and that of a pauper who comes into the state needing relief in any town he may enter? In either case no statute, except the one in question, imposes any obligation upon any town in the state to furnish relief. The legislature was providing for a new burden in the passage of the statute, and regarded the state as in equity bound to bear some part of it before imposing the remainder upon others. There is no reason for the distinction urged by the plaintiffs, and we think the claim is unsound.

All persons needing relief, and having no settlement in any town in the state, are denominated state paupers by the third section of the statute. It can hardly be supposed that this is a mere name. A town pauper is one who is supported by a town, and for the same reason a state pauper must be one who is supported, to some extent at least, by the state, or else there is a misuse of the term. The case of Kelley comes within the statute definition of a state pauper; comes within the equity and reason of the statute; and we think brings him within the class to be supported by the state during the first six months of his pauperism.

Again, the twenty-first section of the statute, we think, makes it clear that the six months' support by the state means the first six months of pauperism, whenever that may be. "All state paupers, after the period of six months, as provided in section three of this act, shall be sent back to the town where they resided when they applied for relief, and said last mentioned town shall thereafter be chargeable for their support until they shall have gained a settlement in some other town, provided said paupers shall have had a residence therein for a period of six months or more prior to the time when they applied for relief." This clearly

implies a taking of all state paupers by the state, the supporting of them during the period of six months, and then the sending of them back to the town from which they came, to be thereafter supported, provided they had resided therein six months or more. How could a pauper be sent back to the town, unless he had previously resided there? And how can the six months of support by the state be only the first six months following the pauper's entry into the state, when he may have resided six months or more in the town from which he came when he began to be supported by the state.

Furthermore, the statute speaks of the state's support as being for a fixed and definite period of six months; no more, and no less. But the claim of the plaintiffs fixes only the maximum limit, and says that the period may not be more than a week or a day. Still further, can it be said that this statute provides that a town shall be liable for the support of a pauper who has no settlement in any town in the state, simply because his last residence for the full period of six months or more has been had in that town? We think not. We think the six months' support by the state is an essential requisite and must precede such liability. And inasmuch as such support has not been had in the present case, we think the defendants are not liable; and we so advise the Court of Common Pleas.

In this opinion the other judges concurred.