Town of Canton *v.* Town of Burlington.

———————— ‹•••› ———————

THE TOWN OF CANTON *vs.* THE TOWN OF BURLINGTON.

Hartford Dist., Oct. T., 1889.  ANDREWS, C. J., CARPENTER, PARDEE, LOOMIS and SEYMOUR, Js.

By section third of the act of 1878, (now section 3311 of Gen. Statutes,) all persons needing relief, who have no settlement in any town in this state, are state paupers, and shall be provided for by the state comptroller for six months after they come into this state; and by section twenty-first of the statute, shall, after the period of six months provided for in the act, be sent back to the town where they resided when they applied for relief, and such town shall be chargeable for their support until they shall have gained a settlement in some other town; provided such paupers shall have had a residence of six months or more in such town when they applied for relief.   By the decision in *Marlborough* v. *Chatham*, 50 Conn., 554, the six months during which the pauper was entitled to help from the state were held to be the first six months of his pauperism and not of his residence in the state.   An act passed in 1885 provided that they should be the first six months of his residence.   In a suit by the plaintiff town against the defendant town for supplies furnished to a pauper claimed to be chargeable to the defendant, the plaintiff offered evidence tending to prove that the pauper, who had no settlement in any town, but had lived more than six months in the defendant town, became needy in 1884, and was for a year or more thereafter supported by that town at the house of a friend within the plaintiff town, under an arrangement made by the selectmen of the defendant town, and that in 1888, the pauper needing further aid, which the selectmen of the defendant town refused to furnish, the plaintiff town, in which he had continued to reside, furnished him aid.   The plaintiff was nonsuited by the court.   Held, in setting aside the nonsuit—

1. That the pauper was a state pauper.
2. That his status was fixed by the statute in force when he first applied for relief, and was not affected by the act of 1885.

Town of Canton *v.* Town of Burlington.

3. That the defendant town would, upon the facts claimed, be chargeable with his support.

A nonsuit should not be granted where a plaintiff has introduced substantial evidence in support of his claim, and where the law applicable to the facts as claimed and supported by such evidence, is favorable to the plaintiff.

[Argued November 12th—decided December 16th, 1889.]

ACTION to recover for supplies furnished to a pauper claimed to be chargeable to the defendant town; brought, by appeal from the judgment of a justice of the peace, to the Court of Common Pleas of Hartford County. The defendant demurred to a portion of the second count of the complaint, and the demurrer was sustained. A general denial was then filed to the rest of the complaint, and the case was tried to the court before *White, J.* After the plaintiff had introduced its evidence and rested, the defendant moved for a nonsuit, which was granted. A motion to set aside the nonsuit having been denied, the plaintiff appealed to this court. The case is sufficiently stated in the opinion.

*C. H. Briscoe* and *J. P. Andrews,* for the appellant.

*J. J. Jennings,* for the appellee.

SEYMOUR, J. This is an appeal from the judgment of the Court of Common Pleas in Hartford County in a suit brought to recover for the care and support of Francis Naylan, a pauper.

In that court the defendant demurred to certain paragraphs of the complaint, and the court sustained the demurrer. The plaintiff then introduced its testimony, which is set out in the record, and rested its case. Thereupon the defendant moved for judgment as in case of nonsuit; which motion was allowed, and the subsequent motion of the plaintiff to set aside the judgment of nonsuit was overruled.

In the argument before this court counsel addressed themselves mainly to the questions relating to the nonsuit, and, inasmuch as the decision of those will simplify the discussion of the other questions, we will dispose of them first.

By our statute a court may grant motions for judgment as in case of nonsuit if, in its opinion, the plaintiff shall have failed to make out a *primâ facie* case. Gen. Statutes, § 1109. In *Naugatuck R. R. Co.* v. *Waterbury Button Co.*, 24 Conn., 468, the court, in sustaining a judgment of nonsuit, said:—"If all the facts claimed to be proved by the evidence of the plaintiff cannot, if true, make a *primâ facie* case for him, it would be worse than idle to proceed further . with the trial. * * * If the court comes to a wrong decision there may be an appeal to the Supreme Court to correct the error, and beyond this there is no relief known to the law. The statute, as well as the common law, requires the plaintiff to introduce evidence which fairly tends to establish a *primâ facie* case in his favor."

In *Booth* v. *Hart*, 43 Conn., 480, the court says:—"It is manifest that the plaintiff testified to facts sufficient, if uncontradicted, to establish her case. And there is nothing strange or incredible in her testimony. In cases tried to the jury we have established the rule that if there is substantial evidence produced by the plaintiff in support of his cause, which should be weighed and considered by the jury, a nonsuit ought not to be granted. And we think the same rule should apply in cases tried by the court."

It is certain, from the testimony in the case before us, that the plaintiff introduced substantial evidence in support of its claim, which should have been considered and weighed, fairly tending to establish the following facts, namely:—That Francis Naylan was an alien; that he had lived continuously with his sister in Burlington since March, 1873; that upon her death, he was, within the meaning of the statute, a person needing relief who had no settlement in any town in this state, and that he applied to G. H. Holcomb, a selectman of Burlington, for relief, which was thereupon furnished him by Burlington at Mrs. McNamara's, who lived in Canton; that he was supported there, upon the agreement of Burlington to pay for such support, (and which it in fact paid for during the first year,) being the only support he received, up to the date when Canton furnished him the sup-

plies to recover for which this suit was brought; that when
the supplies were furnished he was a proper subject for help
by Canton; that the supplies furnished were necessary and
of proper amount, and that due notice was given by the
selectmen of Canton to the selectmen of Burlington, as set
forth in the complaint.

We do not overlook the defendant's claim that the testi-
mony concerning the date of Naylan's sister's death and
the testimony of Mrs. McNamara as to the date when Nay-
lan came to her house to be supported, taken in connection
with the date of Mr. Holcomb's election as selectman, dis-
proved, if it could be relied on, the plaintiff's claim that
the agreement by Burlington to support Naylan at Mrs.
McNamara's preceded his removal to her house, and showed
that his removal was voluntary, without the intervention of
Burlington, and, what was of the highest importance, was
prior to his application for relief. But on the other hand it
must be remembered that there was positive testimony that
this agreement of Burlington was made in response to Nay-
lan's application for relief, that it preceded his removal, and
that his removal was in consequence of such agreement.

Applying the ordinary rules for testing the weight of tes-
timony, there was much stronger evidence, as the case stood,
that the agreement to support preceded the removal and
that the date which was given of the removal was incorrect,
than there was that the date given was correct and that
therefore the removal preceded the agreement. This was a
vital question, and we think it must be conceded that the
plaintiff introduced substantial evidence in support of its
claim which any tribunal should weigh and consider, and
which, if the law applicable to the facts as claimed and sup-
ported by such substantial evidence, is favorable to the
plaintiff, should have protected it from the judgment ap-
pealed from.

Upon the facts above recited Naylan was a state pauper.
By the statute applicable to the case "all persons needing
relief who have no settlement in any town in this state,
shall be state paupers, and shall, when needing relief, be

Town of Canton *v.* Town of Burlington.

provided for by the comptroller for the period of six months after they come into this state.    Pub. Acts of 1878, p. 317, sec. 3.   In *Marlborough* v. *Chatham*, 50 Conn., 554, it appeared that Michael Kelley came to the United States from Ireland in March, 1872, and, in April of that year, to Portland in this state, where he remained until June, 1873.   In July, 1873, he went to Marlborough, where he remained until April, 1879, when he removed to Chatham, and remained there until April, 1880, when he returned to Marlborough, and remained there until September, 1880, when he became a pauper.   The court says:—" The case of Kelley comes within the statute definition of a state pauper, comes within the reason and equity of it, and we think brings him within the class to be supported by the state during the first six months of his pauperism."

Under the statute, therefore, as construed in that case, namely, as meaning that the six months during which the pauper shall be provided for by the comptroller of the state were the first six months of his pauperism, Naylan was a state pauper when he applied to Burlington for relief.   Application was not made to the comptroller to provide the needed relief; Burlington through its selectmen furnished it, and, so far as appears, has never applied to the comptroller for reimbursement for the first six months of such support.

Under section 21st of the public acts above cited, (Acts of 1878, ch. 94,) all state paupers, after the period of six months, as provided in section 3d of the act, shall be sent back to the town where they resided when they applied for relief, and this last mentioned town shall thereafter be chargeable for their support until they have gained a settlement in some other town, provided such paupers shall have had a residence therein for a period of six months or more prior to the time when they applied for relief.

The provision that the paupers shall be sent back to the town where they resided when they applied for relief refers, of course, to those to whom relief is afforded outside of that town, either by the comptroller or by some town other

than that made chargeable for their support by the statute. The provision that the town where a state pauper resided when he applied for relief shall thereafter be chargeable for his support until he shall have gained a settlement in some other town, provided he shall have had a residence therein for a period of six months or more prior to such application for relief, is the controlling one in this case, and in connection with the testimony would seem to settle the fact, *primâ facie*, that Burlington is liable for the support furnished Naylan.

To sum the matter up then, Naylan, at the end of some eleven years' residence in Burlington, came to want there and needed relief. He applied to the town for relief, which it thereupon furnished for six months and more. He had no settlement in any town in this state and was a state pauper. Therefore, until he gains a settlement in some other town, Burlington is chargeable for his support.

We have not referred to the statute of 1885, which makes the six months for which the pauper is to be provided for by the comptroller, the first six months of his residence in the state, and not of his pauperism. Naylan had a status as a pauper before that statute was passed, and if he went into the town of Canton upon such an arrangement as is alleged by the plaintiff, we think a refusal by the defendant to comply with that arrangement would not affect that status.

As to the demurrer; if, notwithstanding the fact that it was sustained, the complaint still contained sufficient allegations to entitle the plaintiff to judgment upon proper proof, as we think it did, it has no ground for complaint, not being injured by the ruling in that behalf. The demurrer, however, ought not to have been sustained.

The first ground of demurrer is, that " the selectmen cannot in law bind the town in the manner alleged."

This refers to the agreement between the Burlington selectmen on one side and Naylan and his friends on the other, set out in the complaint, that if he would remove to the house of his friend in Canton the town of Burlington would

there support him.   The ground of demurrer is not perti-
nent.   Whether a legal agreement or not, it tended to show
that Naylan applied for help before he removed to Canton.
The agreement would be admissible in evidence to assist in
fixing that very material fact, even if it was not a legal
agreement, and therefore the simple ground that it was not
a legal agreement was insufficient to sustain the demurrer.

The second cause of demurrer is, "because no contract is
set up with said Canton upon which the action may be
maintained."   It is a sufficient answer to this that the rights
of the respective towns do not depend upon a contract be-
tween them, nor is such the theory of the complaint.

Nor, in answer to the third ground of demurrer, was it
necessary to state facts sufficient to fix the settlement of
Naylan in Burlington.   Its liability did not depend upon
the question of settlement.

The defendant's bill of exceptions states that the plaintiff
offered to prove by certain witnesses that an arrangement
was made by the selectmen of Burlington to have Naylan
removed from Burlington to the house of Mrs. McNamara
in Canton, there to be supported by her at the expense of
Burlington, and that certain sums of money were paid to
her for his support; to all of which the defendant seasonably
objected on the grounds stated therein.   We think the evi-
dence was admissible in connection with the other evidence
with which it was offered and of which it was a part.   It
conduced to prove, even as stated in the bill of exceptions
and apart from the other testimony, that Naylan appealed
for relief to Burlington before he removed to Canton.   The
testimony objected to, as stated by the defendant, is that an
arrangement was made by the selectmen of Burlington to
have Naylan removed from Burlington to Mrs. McNamara's
in Canton, and there be supported, which is in itself directly
contradictory to Canton's claim that he was first removed
to Canton and there applied for relief, and that the select-
men of Burlington agreed to support him there.   The order
of events is very important, and the testimony was at any
rate admissible for the purpose of showing it.

As to the objection to Mrs. McNamara's testimony, that it was hearsay, the defendant does not point out the particular portion that was objected to on that ground. The bill of exceptions refers us to the statement of the evidence filed by the court, for a particular statement of the evidence and of the rulings thereon. A critical examination of the evidence so filed discloses no such objection. The only objection taken to her testimony in the record is, that the defendant renewed its objection made to the evidence of O'Sheriden, and the court ruled as there stated. The objection thus referred to was to any evidence tending to show any arrangement by the selectmen of Burlington for the support of Naylan at Mrs. McNamara's. In the absence of something more explicit this court cannot decide that the exception was well taken. Manifestly most of Mrs. McNamara's testimony was not hearsay. If the defendant is to be understood as objecting to it all as such, that of itself would be sufficient ground for overruling the exception.

We no not see how the objection " to any evidence tending to show any arrangement by the selectmen of Burlington for the support of Naylan at Mrs. McNamara's " can be sustained, and that it was sustained is one of the plaintiff's reasons for appeal. Evidence tending to show such arrangement might easily tend to show that Naylan " was a person needing relief," and that he " applied for relief to the town of Burlington," both of which facts it was incumbent upon the plaintiff to prove, as well as the fact that Burlington supplied the relief applied for.

We have gone more fully, perhaps, than was necessary into the points raised by the record, thinking that such a course might perhaps save the parties from further litigation.

There is error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.