THE FOSKETT AND BISHOP COMPANY *vs.* WALTER S.
SWAYNE ET AL.

Third Judicial District, Bridgeport, Oct. Term, 1897. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A nonsuit ought not to be granted in cases tried either to the court or to
the jury, if substantial evidence is produced by the plaintiff in sup-
port of his cause.

In an action against husband and wife to foreclose a mechanic's lien, the
plaintiff offered evidence that the wife owned the house upon which
the improvements were made, that she took part in selecting the
materials, gave directions concerning the work, in some instances
countermanded the orders of her husband, and at times evinced an
expectation to pay for the labor and materials. *Held* that upon this
evidence judgment might reasonably have been rendered against
the wife, and that such evidence, at all events, should have pro-
tected the plaintiff from a nonsuit.

[Argued October 27th—decided November 30th, 1897.]

ACTION to recover the value of labor and materials and to
foreclose a mechanic's lien therefor, brought to the Superior
Court in New Haven County and tried to the court, *Robin-
son, J.,* by whom a judgment of nonsuit was rendered against
the plaintiff as to the defendant Sarah Swayne, from which
the plaintiff appealed for alleged error of the court in refus-
ing to set aside said judgment. *Error and nonsuit set aside.*

The case is sufficiently stated in the opinion. .

*Prentice W. Chase* and *James Elliott,* for the appellant,
(plaintiff).

*James Kingsley Blake,* for the appellee (New Milford Sav.
Bk.)

*Richard H. Tyner,* for the appellee (Sarah Swayne).

ANDREWS, C. J. Any court is authorized by § 1109 of
the General Statutes to grant a motion for a judgment as in

case of a nonsuit, if in its opinion the plaintiff has failed to make out a *prima facie* case. In *Booth* v. *Hart*, 43 Conn. 480, 484, this court said: "In cases tried to the jury we have established the rule, that if there is substantial evidence produced by the plaintiff in support of his cause, which should be weighed and considered by the jury, a nonsuit ought not to be granted. And we think the same rule should be applied in cases tried by the court." This rule has been elaborated and applied in later cases. *Cook* v. *Morris*, 66 Conn. 196, 210; *Thames Steamboat Co.* v. *Housatonic R. Co.*, 24 id. 40, 49; *Canton* v. *Burlington*, 58 id. 277, 279.

It appears that the land sought to be foreclosed belonged to the defendant Sarah Swayne, to her sole use, and that she is the wife of Walter S. Swayne. The plaintiff had furnished materials and rendered services in the construction of a house which stood on that land. It was entitled to have a judgment to foreclose the lien on her land, provided the materials so furnished and the services so rendered were furnished and rendered by virtue of an agreement with her, or by her consent, or by an agreement with, or the consent of some person having authority from or rightfully acting for her. General Statutes § 3018. What constitutes consent, within the meaning of this statute, is discussed in *Huntley* v. *Holt*, 58 Conn. 445, 449, and *Lyon* v. *Champion*, 62 id. 75, 78.

It seems to us that there was evidence given by the plaintiff from which the court might fairly have found that the defendant, Sarah, had given her consent to the furnishing of the materials and the rendering of the services by the plaintiff. The evidence should be deemed to be true; and all those reasonable presumptions which, according to the ordinary course of events, or the ordinary experience of human nature, arise out of the facts proved, should be taken in its favor. Taken with these presumptions we think the evidence might fairly be claimed to show the consent of Mrs. Swayne. She was the owner of the house and knew the improvements were being made thereto by the plaintiff. She knew that these improvements would largely increase its value. This fact alone might possibly authorize a jury to find that she had

given her consent. *Gannon* v. *Shepard*, 156 Mass. 355. Especially might her consent be inferred when it appeared, as it did, that she had taken part in selecting the materials; that she had given directions concerning the work; that she had in some instances countermanded the orders given by her husband, as though she had the superior authority; that she decided whether certain parts of the work should be done or not done by reason of the cost; and that at times she evinced an expectation to pay for the work and materials.

We do not intend to intimate that the evidence was or was not such that if the case had been submitted by the parties without further evidence, judgment must necessarily have been given for the plaintiff. The only question now is whether there was evidence upon which such a judgment might reasonably have been given, on due consideration. Upon a motion for a statutory nonsuit no opportunity for consideration is given.

There is error; the nonsuit should be set aside and the case stand for trial.

In this opinion the other judges concurred.