JOSEPH H. LANG *vs.* BERNARD BRADY.

Third Judicial District, Bridgeport, April Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Unless modified by statute or by contract, the law imposes upon common carriers the duty of carrying and delivering safely the goods entrusted to them for transportation; and therefore it is unnecessary to allege such duty in an action against a common carrier for an injury to the goods.

Nor is it essential to aver the particular acts of negligence which consti-

tute the carrier's default; it is enough to allege that the goods were delivered to him and were injured by his default while in his custody and care as a common carrier.

Argued April 18th—decided May 29th, 1901.

ACTION to recover damages for loss of and injury to household goods delivered to the defendant as a common carrier, brought originally before a justice of the peace and thence by the defendant's appeal to the Court of Common Pleas in New Haven County and tried to the court, *Hubbard, J.;* the court sustained the demurrer and rendered judgment for the defendant, and the plaintiff appealed for alleged errors in the rulings of the court. *Error, judgment reversed and cause remanded.*

The case is sufficiently stated in the opinion.

*Charles G. Morris*, for the appellant (plaintiff).

*Charles S. Hamilton*, for the appellee (defendant).

HAMERSLEY, J. A common carrier is one whose business is to carry, for hire, from one place to another, the goods of all persons indifferently. The law (except as modified by statute or contract) imposes upon common carriers a duty, as incident to their occupation, to carry and deliver at their destination the goods transported by them in the exercise of their business, safely, and makes them liable for all losses in respect to such goods, unless they arise from the act of God or the public enemy.

The complaint in this case alleges that the defendant is a common carrier; that the plaintiff delivered to him, as such common carrier, certain specified goods to be carried from 81 Green Street to 137 Congress Avenue, and there delivered to the plaintiff, for hire; that the defendant neglected his duty, in that he did not safely carry and deliver said goods; and that the different articles carried were injured by default of the defendant, to the damage of the plaintiff.

The defendant demurred to the complaint, first, because the facts alleged did not show that the defendant was under

Lang v. Brady.

any obligation to give to the goods the care alleged, and did not show that the plaintiff failed to perform any duty he was under in respect to said goods ; and second, because the complaint alleged that the several articles specified were injured by default of the defendant, without stating any facts to show in what his default consisted.

The court below sustained the demurrer. We think it should have been overruled.

As to the first ground : The demurrer is too general to reach any defect in the mere form of statement, and the complaint is plainly good in substance. The duty to carry the goods safely is one implied by law, and need not be alleged. The delivery of the goods to the defendant as a common carrier, and his failure to carry them safely, is directly alleged, and the acceptance of the goods by the defendant, if not directly alleged, is certainly alleged inferentially. If the complaint is open to objection in this respect, the defect is, at most, one of form, and is not specified in the demurrer.

As to the second ground : This action is for the breach of the duty imposed upon common carriers by law, independently of contract, and allegations of particular acts of negligence are unnecessary ; it is sufficient that the goods were injured while in the care of the defendant as a common carrier.

There is error, the judgment of the Court of Common Pleas is reversed, and the cause remanded for further proceedings according to law.

In this opinion the other judges concurred.