MICHAEL PENTINO *vs.* DUSHI PAPPAS ET AL.

Third Judicial District, Bridgeport, April Term, 1921.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

> The power to grant an involuntary nonsuit in a civil action, under General Statutes, § 5793,—a power unknown to our common-law practice—is the same, and is to be exercised in accordance with the same rules, whether the action is tried to the court or to the jury; the test of its exercise being whether the plaintiff's evidence is sufficient in point of law to make out a prima facie case in his favor.
>
> The trial court, whether the case is tried to the court or to the jury, cannot grant a nonsuit on the ground that it did not credit the testimony of a principal witness for the plaintiff.

Argued April 12th—decided May 4th, 1921.

ACTION to recover a commission of $300 for procuring a purchaser of the defendants' business, brought to

the City Court of Waterbury and thence, by the plaintiff's appeal, to the District Court of Waterbury where the plaintiff was nonsuited in a trial to the court, *Peasley, J.*, and from the refusal of the court to set aside such judgment the plaintiff appealed.   *Error and new trial ordered.*

*Frank P. McEvoy,* for the appellant (plaintiff).

*Patrick Healey,* for the appellees (defendants).

PER CURIAM. In *Cook* v. *Morris*, 66 Conn. 196, 210, 33 Atl. 998, JUSTICE HAMERSLEY pointed out that "involuntary nonsuit . . . was unknown to the common-law practice of this State," and that the power of granting such nonsuits was first given by statute in 1852.

Our present statute (General Statutes, § 5793) is substantially in the form of the original statute of 1852. It authorizes the court to grant a nonsuit in every civil action "if in its opinion the plaintiff shall have failed to make out a prima facie case." The power to grant a nonsuit and the rules governing the court in granting it, are the same whether the action be tried to the court or to the jury. *Booth* v. *Hart*, 43 Conn. 480, 484; *Foskett & Bishop Co.* v. *Swayne*, 70 Conn. 74, 38 Atl. 893; *Canton* v. *Burlington*, 58 Conn. 277, 279, 20 Atl. 602.

The test by which the grant or denial of the nonsuit is determined is the answer in the affirmative of the question, "Is the plaintiffs' evidence sufficient, in point of law, to make out a prima facie case in their favor." *Thames Steamboat Co.* v. *Housatonic Railroad Co.*, 24 Conn. 40, 49.

The trial court granted the nonsuit upon the ground that the court did not credit the testimony of the proposed purchaser whom the plaintiff had procured and who was a principal witness for the plaintiff. In *Cook* v.

*Morris*, 66 Conn. 196, 209, 33 Atl. 998, we said: "Where the granting of a nonsuit must depend in any appreciable degree upon the court's passing upon the credibility of witnesses, the nonsuit should not be granted." We reaffirmed this rule in the late case of *Fields* v. *Fields*, 93 Conn. 96, 98, 105 Atl. 347. And in *Cohen* v. *Schneider*, 70 Conn. 505, 509, 40 Atl. 455, we said: "Though the court may have had sufficient reason to be satisfied that the testimony of the plaintiff and Tovorovsky was false or wholly unreliable, and that they were engaged in a scheme to defraud the creditors of Tovorovsky and to prevent the defendant Schneider from collecting his just claim, the case should nevertheless have been submitted to the jury. It was the province of the jury and not of the court to weigh the testimony of witnesses, and to pass upon the question whether the transaction between the plaintiff and Tovorovsky was in fact honest or fraudulent."

Again, in *Girard* v. *Grosvenordale Co.*, 83 Conn. 20, 25, 74 Atl. 1126, the court, by BALDWIN, C. J., said, in passing upon a nonsuit: "In passing upon the motion, the Superior Court was bound to regard the truth of such of the evidence introduced by the plaintiff as went farthest in support of the complaint, as admitted, and to take into account every favorable inference that might legitimately be drawn from it. It was enough if he had thus made out a prima facie case, though it might in the opinion of the court be a weak one."

The reason given by the trial court for granting the motion was in conflict with these authorities. But, disregarding the reason given and weighing the evidence in the light of our accepted rules, no conclusion can fairly be drawn other than that the plaintiff did make out a prima facie case.

There is error and a new trial is ordered.