MALCOLM A. ANDERSON *vs.* JOSEPH COLUCCI, ADMINISTRATOR (ESTATE OF ANTHONY COLUCCI) ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 14th—decided December 27th, 1932.

*Matthew H. Kenealy,* with whom, on the brief, was *Daniel E. Ryan,* for the appellant (plaintiff).

*Raymond E. Baldwin,* for the appellee (defendant The Autocar Sales & Service Company).

*Thomas R. Robinson,* with whom, on the brief, was *Daniel L. O'Neil,* for the appellee (defendant Joseph Colucci, administrator).

HAINES, J.   The complaint alleges in substance that on September 1st, 1931, the plaintiff was an invitee and guest of the defendant Colucci's intestate and was riding in an automobile at that time owned and operated by the intestate, traveling west on the Boston Post Road in Greenwich; that at the same time a wrecking truck of the defendant The Auto Car Sales & Service Company which had come from the opposite direction was turning across the Post Road nearly opposite a building known as Adam's Place, and while so being operated the two vehicles collided, causing severe injuries to the plaintiff; that the collision and resulting injuries were caused by the careless and neg-

ligent operation of the wrecker in that the driver was not keeping a proper lookout, was driving across the Post Road without any signal or warning and in disregard of the width, use and traffic of that road and without proper lights; and, further, that the collision and resulting injuries were also caused by the heedless and reckless disregard of the rights of others by the intestate, who was driving at a dangerous and excessive rate of speed and failed to keep a proper lookout for the traffic on the highway. The respective defendants entered a general denial.

Upon submission of the plaintiff's evidence the court granted the defendants' motion for a nonsuit and denied the plaintiff's subsequent motion to set it aside, and entered judgment for the defendants. This action of the court is the sole ground of the present appeal by the plaintiff and thus presents the single question whether the evidence in its most favorable aspect was such as to make out a prima facie case for the plaintiff under General Statutes, § 5662.

Our rule as to nonsuits is well stated in *Girard* v. *Grosvenordale Co.*, 83 Conn. 20, 25, 74 Atl. 1126, and supported by many other decisions of this court: "In passing upon the motion, the Superior Court was bound to regard the truth of such of the evidence introduced by the plaintiff as went farthest in support of the complaint, as admitted, and to take into account every favorable inference that might legitimately be drawn from it. It was enough if he had thus made out a prima facie case, though it might in the opinion of the court be a weak one. 'A party has the same right to submit to a jury a weak case as he has a strong one.'" A motion for nonsuit is not to be granted if its decision requires the court to pass upon the credibility of witnesses, *Fox* v. *Shanley*, 94 Conn. 350, 355, 109 Atl. 249, *Pentino* v. *Pappas*, 96 Conn. 230, 232,

113 Atl. 451, and it should be denied if the plaintiff's evidence, undisputed by the defendant and strengthened by every favorable inference of fact that might reasonably be drawn from it, contained any substantial evidence supporting the affirmative of the issues thus made. *Baggish* v. *Offengand,* 97 Conn. 312, 320, 116 Atl. 641.

To justify a verdict against the defendant The Auto Car Sales & Service Company under the allegations of the complaint it was incumbent upon the plaintiff to establish prima facie that the negligence of this defendant in one of the ways alleged, was a proximate cause and a substantial factor in producing his injury.

As to the defendant Colucci, the plaintiff had the legal status of a guest, and it was incumbent upon him to establish prima facie that the intestate in one of the ways alleged acted with heedless and reckless disregard of the rights of others and that such conduct was a proximate cause and a substantial factor in the plaintiff's injuries.

The driver of the wrecker, called by the plaintiff, testified he had completed the turn and had passed into the north lane heading west when struck by the Colucci car, but there was other evidence which the jury could well have believed which placed the rear of the wrecker at that moment near the center of the four-lane road. Officer Clark testified that when he reached the scene the Colucci car was "about the center" of the highway between the second and third lanes, and the driver of the wrecker himself testified that the Colucci car, after the collision, lay "right in the center of the roadway." "Q. Laid right where it struck you? A. Yes." This is also confirmed by another witness, who was nearby and ran to the spot at once on hearing the crash and before the cars were moved. He also fixes the position of the rear of the

wrecker near the center of the roadway. The same witness said the Colucci car lay "alongside" the wrecker. All this coincides with the testimony of the plaintiff that the Colucci car, in which he was riding, was being driven in the second lane from the north side of the road. The jury could reasonably have concluded, therefore, that the rear end of the wrecker was about the center of the road when struck by the Colucci car and had not completed the turn and reached a position in the north lane heading west, and thus have seen that they had to deal with a collision which took place virtually in the center of this thirty-six-foot roadway.

In deciding whether the negligence of the driver of the wrecker in failing to keep a proper lookout, to give a warning, or in disregarding the width, use and traffic of the highway, was responsible for his being there at that time, the jury could have accepted the testimony that both cars were equipped with headlights which were on; that those of the Colucci car, which was coming toward the wrecker, were "very bright"; that the highway from the point of collision to the east, from which direction the Colucci car was coming, was straight for a long distance, estimated by some witnesses to be a half mile. The jury might therefore have found that the driver of the wrecker in fact did not look, or, if he did, that he saw the Colucci car or that he should have seen it, and that he gave no signal or other notice that he was about to cross its path. Driving at two to four miles an hour, as the driver of the wrecker testified he was, it would have required an impossible speed of the Colucci car to cover the intervening distance between the time he said he last looked when the front of the wrecker passed the center of the road, and the time when the rear of that truck reached the center of the road and was struck.

The evidence furnished by the physical facts, coupled with the oral evidence, was such, therefore, that the jury not unreasonably might have found the driver of the wrecker negligent in one or more of the respects charged. It was error to grant a motion for nonsuit as regards the defendant The Auto Car Sales & Service Company.

As to the defendant's intestate Colucci, the jury could reasonably have found from the evidence that he was driving on a smooth concrete road thirty-six feet wide, well lighted and straight; that there was, just at that time, very little traffic; that he had brilliant headlights which should have shown him this truck in front of him at least as soon as he came within the range required of his lights by law, viz.: two hundred feet (General Statutes, § 1598); that no marks on the roadway showed that he had applied his brakes, or that to avoid the collision he swerved from the second lane in which he was proceeding. To drive into this truck under these circumstances would, without explanation, justify the jury in reaching a conclusion that he was negligent, particularly if the jury believed the statement of an eyewitness that the car was being driven at a "terrific" speed. While this adjective may have little probative value in fixing the miles per hour, it surely connotes immoderate as distinguished from moderate speed under the circumstances, and this is further supported by the fact of the smashing of his motor and the complete demolition of his car and by the further testimony that the heavy truck was turned about, its body knocked loose and pushed out of place, and other damage done to it.

We are satisfied that a conclusion that there was negligence on the part of the defendant's intestate Colucci, would have had a reasonable basis in the evidence.

But it was necessary to make out a prima facie case of something more than negligence in order to obtain a verdict against this defendant. Since the plaintiff had the legal status of a guest in this car, it was necessary for him to show prima facie that the intestate's conduct was in heedless and reckless disregard of the plaintiff's rights. There is no evidence and no permissible inference that this driver knowingly assumed a risk or was aware of danger, *Potz* v. *Williams,* 113 Conn. 278, 281, 155 Atl. 211, or that he was warned or requested to do anything different from what he did, *Berman* v. *Berman,* 110 Conn. 169, 170, 147 Atl. 568, *Meyer* v. *Hart,* 110 Conn. 244, 245, 147 Atl. 678, or that he was guilty of more than thoughtlessness, inadvertence, or an error of judgment, *Upson* v. *General Baking Co.,* 113 Conn. 787, 789, 156 Atl. 858, *Schepp* v. *Trotter,* 115 Conn. 183, 185, 160 Atl. 869, or anything to justify an inference that he was indifferent to the consequences which might result to his passenger from his conduct. *Ascher* v. *Friedman, Inc.,* 110 Conn. 1, 3, 147 Atl. 263. In short, there is no evidence or permissible inference that he was guilty of wanton or wilful misconduct. *Bordonaro* v. *Senk,* 109 Conn. 428, 431, 147 Atl. 136, *Grant* v. *McLelland,* 109 Conn. 517, 520, 521, 147 Atl. 138.

The motion for nonsuit was properly granted as to defendant Colucci.

There is error and a new trial is ordered as to defendant The Auto Car Sales & Service Company.

In this opinion the other judges concurred.