## Ace-High Dresses, Inc. *vs.* J. C. Trucking Company, Inc.

Maltbie, C. J., Hinman, Banks, Avery and Brown, Js.

Argued Februry 4th—decided April 7th, 1937.

*Isidor E. Finkelstein,* for the appellant (plaintiff).

*Donald E. Cobey,* with whom was *Samuel A. Persky,* for the appellee (defendant).

BANKS, J.   The complaint alleges that the defendant is a common carrier of goods for hire between New Haven and New York, that the plaintiff delivered to it certain goods to be transported to New Haven to be processed, that after they were processed they were received by the defendant to be delivered to the plaintiff for hire but that the defendant failed to deliver them.   It was agreed that the goods were not delivered to the plaintiff, being lost through robbery, and that the only issue before the court was whether or not the defendant, in the transportation of the goods, was acting as a common carrier. At the conclusion of the plaintiff's evidence the court granted a motion for a nonsuit, and the appeal is from its denial of a motion to set aside the judgment of nonsuit.

In passing upon a motion for a nonsuit the court is bound to regard the truth of such of the evidence introduced by the plaintiff as goes farthest in support of the complaint, as admitted, and to take into account every favorable inference that may legitimately be drawn from it. It is enough if he has thus made out a prima facie case though it may in the opinion of the court be a weak one. *Girard* v. *Grosvenordale Co.,* 83 Conn. 20, 25, 74 Atl. 1126; *Anderson* v. *Colucci,* 116 Conn. 67, 163 Atl. 610.   The rules governing the

court in granting it are the same whether the action be tried to the court or to the jury. *Pentino* v. *Pappas,* 96 Conn. 230, 113 Atl. 451. The test is whether plaintiff's evidence is sufficient, in point of law, to make out a prima facie case in his favor.

The plaintiff produced a single witness, the president of the defendant corporation. Assuming the truthfulness of his evidence and taking into account every inference favorable to the plaintiff that may legitimately be drawn therefrom, it fairly establishes the following facts: The defendant was incorporated in April, 1934, and one of the purposes set forth in its certificate of incorporation was "to do a general transfer and trucking business for the public generally." The business conducted by the defendant consisted in picking up certain dress material in New York City, transporting it to defendant's customers, dressmaking establishments in New Haven, Hartford and Bridgeport, to be processed, and then taking the finished dresses back to New York. It owned four trucks which were specially equipped with racks for the purpose of carrying dresses, and were used for that purpose exclusively. It had verbal contracts with these customers under which it was obliged to carry dresses every day except Sunday however slight the volume might be. For these daily trips it was paid weekly by each customer, according to the number of dresses carried, at a rate fixed by a trucking association of which it was a member. Defendant had keys to the factories of its customers and entered the factories at night and picked up the dresses, which were delivered in New York the next morning. It did no trucking for any concern except these with which it had these contracts. In May, 1934, a month after defendant started business and a year before the date of the loss sued upon, defendant had contracts

for carrying dresses with eight dressmaking establishments in New Haven, two in Hartford and two in Bridgeport. In May, 1935, defendant no longer had contracts with three of these concerns and had no new contracts which it did not have in May, 1934, and had solicited none. The question upon this appeal is whether these facts are sufficient to establish, prima facie, the status of the defendant as a common carrier in the transportation of plaintiff's goods.

Speaking very generally, the law, as a matter of public policy, imposes upon those who are engaged in the business of transporting goods for hire a greater liability than upon others not engaged in such business but who may carry goods occasionally or for some particular person under a special arrangement. As common carriers of goods they are in general liable for all loss of goods entrusted to them not caused by the act of God or the public enemy. "A common or public carrier is one who undertakes as a business, for hire or reward, to carry from one place to another the goods of all persons who may apply for such carriage, provided the goods be of the kind which he professes to carry, and the person so applying will agree to have them carried upon the lawful terms prescribed by the carrier. . . . He must be engaged in the business of carrying goods for others as a public employment, and must hold himself out as ready to engage in the transportation of goods for persons generally as a business, and not as a casual occupation." 1 Hutchinson, Carriers (3d Ed.) §§ 47, 48. We have defined such a carrier as "one who holds himself out to the public, to carry persons or freight for hire," and as "one whose business [it] is to carry, . . . from one place to another, the goods of all persons indifferently." *Naugatuck R. Co.* v. *Waterbury Button Co.*, 24 Conn. 468, 479; *Lang* v. *Brady*, 73 Conn. 707,

708, 49 Atl. 199. Numerous cases in which the courts have passed upon the question whether, upon the facts of the particular case, goods were being transported by one acting as a common carrier, will be found in Annotations in 18 A. L. R. 1313, and 8 Brit. Rul. Cas. 789.

Ordinarily the controlling factor is the public undertaking, either express or implied from a course of business, to carry for hire the goods of all persons who may apply for such carriage. One may become a common carrier of a particular class of goods provided he holds himself out to the public as engaged in the business of carrying such goods for all who may apply. 8 Brit. Rul. Cas. 801; 18 A. L. R. 1319. One having such goods to ship may offer them to such carrier whose duty it is to accept them and carry them, without further contract with the individual shipper. 1 Michie, Carriers, § 333. The private carrier, on the other hand, carries only for persons with whom he has an initial contract. It is optional with him whether he will accept or reject any business that is offered to him. *Belfast Ropework Co., Ltd.* v. *Bushell*, L. R. (1918) 1 K. B. D. 210. The fundamental distinction is that the private carrier enters into a contract with each of his customers and assumes no obligation to carry for any other, while the common carrier undertakes to carry for all persons indifferently. The one is a contract carrier, the other carries without contract other than that implied from his public undertaking to carry for all.

The defendant had a limited number of customers with each of whom it had a contract for the transportation of dresses to New York. During the year which elapsed between the time when it commenced business and the date of the loss of the plaintiff's property it had taken on no new customers and had solicited no

new business. The only change in its business during this period was the loss of three customers. There is nothing in the record to indicate that it held itself out as willing to carry dresses for all who might apply, or that it would carry for anyone without first entering into a contract for such carriage. It called at the factories of its customers for the dresses which it had contracted to carry, and it does not appear that it undertook to carry any others. It was distinctly a contract carrier as distinguished from a common carrier. That it was authorized to do a general trucking business for the public generally is not of importance since the test is, not what it was empowered to do, but what it was actually engaged in doing. The trial court did not err in holding that the plaintiff had failed to make out a prima facie case in its favor that defendant, in the transportation of its goods, was acting as a common carrier.

There is no error.

In this opinion the other judges concurred.