LUTHER RUGG *vs.* JOHN A. DAVIS & another.

Worcester. September 23, 1946. — November 7, 1946.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & WILKINS, JJ.

*Carrier,* Common carrier.

The obtaining, by a producer of milk who operated trucks, while he was hauling milk for another producer under a private contract at a specified rate, of a certificate as a common carrier under c. 159B, inserted in the General Laws by St. 1934, c. 264, and a filing by him as a common carrier of rates which were higher than that specified in the private contract, did not entitle him to maintain an action against the other producer, begun several years after termination of his services under the private contract, for the difference between what the plaintiff had been paid thereunder and an amount computed at the higher rate filed by him under the statute, where it did not appear that he ever engaged in the carriage of milk or anything else for any person

other than himself, the defendant, and a few other milk producers, or that the defendant, while the plaintiff was acting under the contract with him, had been informed that their relations had been changed, or that the plaintiff ever assumed toward him the onerous liability of a common carrier.

CONTRACT. Writ in the Superior Court dated November 28, 1942.

There was a finding for the defendant and a report of the case by *Donnelly, J.*

*C. W. Proctor*, for the plaintiff.

*E. Burke*, for the defendants.

LUMMUS, J. The report of a judge of the Superior Court shows that the defendants were partners in the production of milk in Sterling and Lancaster. In 1933 they had contracted with the plaintiff, another producer of milk who operated trucks, to haul their milk to the plant of the Whiting Milk Company in Boston at a price of thirty cents a hundred pounds. The contract was terminable at will, but without any express change in the contract the plaintiff continued to haul milk for the defendants until December 5, 1936, and was paid twice a month according to the contract for the hauling done during the month.

By St. 1934, c. 264, approved June 7, 1934, c. 159B was inserted in the General Laws. By that chapter (§ 1) a "common carrier" was defined as a "person engaged in the common carriage of property for hire by motor vehicle over regular routes between points within this commonwealth." It was provided that no person should operate a motor vehicle as a common carrier without a certificate from the department of public utilities. Such a common carrier was required to file with the department schedules of rates, which were subject to change by the department, and no such common carrier was permitted to charge a greater or less amount than the rate specified in the schedules.

By the same statute, § 3, "every person engaged in transporting property for hire by motor vehicle," not a common carrier, was classified as a "contract carrier." Such a contract carrier was required to obtain a permit

from the department, which was authorized to prescribe the minimum rates of contract carriers in competition with common carriers, which rates were not to be less than those charged by common carriers for similar service. By § 8 a person might hold both a certificate as a common carrier and a permit as a contract carrier. See also St. 1935, c. 24; St. 1936, c. 345; and for a later and immaterial revision of c. 159B, St. 1938, c. 483.

Without the knowledge of the defendants, the plaintiff on October 5, 1934, obtained a certificate as a common carrier, and on February 11, 1935, filed a schedule of rates as such. He did not obtain a permit as a contract carrier. The rates that he filed as a common carrier were somewhat higher than the rates at which he had contracted to haul milk for the defendants. Long after the hauling had been finished, the plaintiff on November 28, 1942, brought an action of contract to recover the difference between what he had been paid and the scheduled rates that he had filed as a common carrier. The judge ruled that the plaintiff could not recover anything either for the period before February 11, 1935, or for the period from that date to December 5, 1936, and reported the case. We need not consider any question as to the statute of limitations.

It is settled that the State may increase or diminish the rate of compensation of a common or contract carrier, against the wills of both the carrier and the person who is obligated to pay him, and regardless of preëxisting or present contracts between them. *Papetti* v. *Alicandro*, 317 Mass. 382. *New York Central & Hudson River Railroad* v. *York & Whitney Co.* 230 Mass. 206, 213, 214, affirmed in part in 256 U. S. 406. *Commissioner of Banks* v. *Chase Securities Corp.* 298 Mass. 285, 313. *Pittsburgh, Cincinnati, Chicago & St. Louis Railway* v. *Fink*, 250 U. S. 577. *Producers Transportation Co.* v. *Railroad Commission of California*, 251 U. S. 228, 232. *Midland Realty Co.* v. *Kansas City Power & Light Co.* 300 U. S. 109. *Baldwin* v. *Scott County Milling Co.* 307 U. S. 478.

But to make a transaction of carriage subject to the schedules filed by the plaintiff as a "common" carrier, it

must appear that in that transaction he was acting as a "common" carrier. A man may at the same time do business as a "common" carrier and as a private or "contract" carrier, as the statute of 1934, already cited, intimated. If the plaintiff ever became a common carrier as to any part of his business, he might nevertheless remain a private or contract carrier as to the remainder. The record does not show that he ever engaged in the carriage of milk or anything else for any person other than himself, the defendants, and possibly a few other milk producers. The defendants, dealing with him as a private or contract carrier, were never informed that their relations with him had been changed. The record contains nothing to show that toward them the plaintiff ever assumed the onerous liability of a common carrier, even though he had no right after the enactment of St. 1934, c. 264, to continue to act as a contract carrier. *First National Stores Inc.* v. *H. P. Welch Co.* 316 Mass. 147. *Ace-High Dresses, Inc.* v. *J. C. Trucking Co. Inc.* 122 Conn. 578. *Bernardi Greater Shows, Inc.* v. *Boston & Maine Railroad*, 89 N. H. 490.

*Judgment for the defendants.*