LAWRENCE P. WINNICK ET AL. *v.* BIAGIO NICOLI ET AL.

BOGDANSKI, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued June 10—decision released August 4, 1981

*Monte P. Radler,* with whom, on the brief, was *Daniel Shepro,* for the appellants (plaintiffs).

*George L. Holmes, Jr.,* with whom, on the brief, was *Richard F. Oburchay,* for the appellee (named defendant).

*Charles W. Fleischmann,* with whom, on the brief, was *Arnold J. Bai,* for the appellee (defendant L. F. Pace & Sons, Inc.).

PER CURIAM. This appeal arises from an action brought against the defendants, Biagio Nicoli and L. F. Pace & Sons, Inc., seeking damages pursuant to § 52-560[1] of the General Statutes. At the close of the plaintiffs' case, the defendants moved for nonsuit and directed verdicts.[2] The nonsuit was granted pursuant to General Statutes § 52-210.[3] The plaintiffs moved to set side the nonsuit and for a new trial. After the court's denial of the motions, the plaintiffs appealed.

The complaint alleged that the defendant L. F. Pace & Sons, Inc., acting as agent of the defendant Nicoli in performing certain subdivision improvements in October, 1973, entered upon the plaintiffs' premises and cut down, destroyed and carried away a large part of the landscaping, shrubbery and trees standing on the land of the plaintiffs.

At the trial there was testimony that the plaintiffs are the owners of a two acre wooded lot and house

[1] General Statutes § 52-560 provides in relevant part: "Any person who cuts, destroys or carries away any trees, timber or shrubbery, standing or lying on the land of another or on public land, without license of the owner, and any person who aids therein, shall pay to the party injured five times the reasonable value of any tree intended for sale or use as a Christmas tree and three times the reasonable value of any other tree, timber or shrubbery . . . ."

[2] It appears that the directed verdict returned by the jury was never formally accepted by the court. The directed verdict was also not made a part of the judgment file. Thus, the only judgment before us is the one concerning the nonsuit.

[3] General Statutes § 52-210 provides: "If, on the trial of any issue of fact in a civil action, the plaintiff had produced his evidence and rested his cause, the defendant may move for judgment as in case of nonsuit, and the court may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case."

located in the town of Monroe, part of a subdivision known as "Nicolia Manor." Shortly after the plaintiffs moved into the house, they saw a bulldozer near the property which had bulldozed down their trees, and a backhoe pulling soil from their property and using the soil to fill a cul-de-sac. They both observed a pick-up truck parked nearby with the name "Pace" on it. They further testified that on the Sunday morning in question when the bulldozer and backhoe arrived, they observed a man on their property who identified himself as Mr. Nicoli who told them that he was taking soil from the plaintiffs' property to build up the end of the road.

Michael Pace testified that he was the vice-president of the defendant L. F. Pace & Sons, Inc.; that he executed a contract with Nicoli to perform certain subdivision improvement work on Nicolia Manor; that the roads on which he worked were the roads in Nicolia Manor and that Nicoli was on the job every day; that time sheets for the Nicolia Manor job show that two Pace employees were working on the Sunday of the bulldozer incident; and that there were no other contractors working on the roads in Nicolia Manor.

A nonsuit has a very limited purpose and should be sparingly used. It is not a matter of right. Where its granting must depend in any appreciable degree upon the court's passing on the credibility of a witness, the nonsuit should not be granted. *Minicozzi* v. *Atlantic Refining Co.,* 143 Conn. 226, 230, 120 A.2d 924 (1956). It is enough if the plaintiffs made out a prima facie case though it may be a weak one. *Anderson* v. *Colucci,* 116 Conn. 67, 69, 163 A. 610 (1932).

"[T]he test seems to be that the motion should be granted if no jury of reasonable men and women, acting solely on the evidence, could render a verdict for the plaintiff. In making the decision, both the trial court and the appellate court start with the proposition that the jury *could* believe all favorable evidence presented by the plaintiff, unless that evidence is clearly incredible by its very nature or becomes incredible by reason of inconsistency with contrary evidence so credible that its rejection would be unreasonable. If there is a conflict of credible evidence, the court assumes the jury would resolve that conflict in favor of the plaintiff by believing the evidence favorable to him and rejecting the evidence unfavorable to him." Stephenson, Conn. Civ. Proc. (2d Ed.) § 192, pp. 758–59.

A plaintiff must introduce evidence that is not credible or no evidence at all before he will be nonsuited. The plaintiffs introduced evidence from which a jury, with the benefit of every favorable inference, could fairly conclude that L. F. Pace & Sons, Inc., while acting pursuant to a contract with Biagio Nicoli, performed subdivision improvements and that L. F. Pace & Sons, Inc., entered without license upon the plaintiffs' premises and cut down, destroyed and carried away part of the landscaping, shrubbery and trees from the plaintiffs' property, and that the entry was made in Nicoli's presence.

Thus, the plaintiffs presented a prima facie case and the trial court erred in granting the motions for nonsuit.

There is error, the judgment is set aside and the case remanded for proceedings according to law.