LOUIS GIROUD, PLAINTIFF-RESPONDENT, v. JOSEPH AN-
DRYSHOWICH AND STRYKER TRANSPORTATION
COMPANY, ETC., DEFENDANT-APPELLANT.

Argued October 5, 1927—Decided January 5, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellant, *Thompson & Hanslein.*

For the respondent, *Burton A. Gaskill.*

PER CURIAM.

This case arises out of a collision between a motorcycle on
which the plaintiff was riding and a truck owned and driven
by the defendant in person, on Bay avenue near Somers
Point, at the intersection of a cross street known as New
York avenue. Defendant's truck was proceeding eastwardly
on Bay avenue and was about to turn, or in the act of turn-
ing, into New York avenue to its left. The plaintiff was
going westward on Bay avenue, and the two vehicles collided
at the intersection. The plaintiff had a verdict of $30,000,
and this rule is pressed on three grounds—*first,* that the
verdict is against the weight of the evidence; *secondly,* that
the verdict is excessive; *thirdly,* that the court erred in its
charge.

We have examined the evidence with great care, and as the
result of such examination, conclude that the verdict is not
against the great weight of the evidence. Starting with the
proposition that the truck was in the act of turning to its

own left and across the straight path of the motorcycle coming in the opposite direction, we think the jury were fully justified in saying that the defendant was negligent in doing and in acting as he did act, and that contributory negligence on the part of the plaintiff was not shown to their satisfaction.

As to the amount of the verdict, it was a very large one, but we are unable to say, in view of the injury suffered by the plaintiff, that it is excessive. The plaintiff suffered a money loss of over $3,000, both his legs were broken, one leg was amputated, and he had to undergo seven successive operations due to infection in the stump of the amputated leg. In addition to this, the evidence indicates that he is entirely disqualified from pursuing either of the occupations for which he was trained and fitted previously. The recent cases of *Reihel* v. *Frank,* 4 *N. J. Mis. R.* 983, and *McKeon* v. *Delaware, Lackawanna and Western Railroad Co.,* 100 *N. J. L.* 258, are legitimate arguments to support the conclusion that this verdict, on the whole, is not so excessive that it should be interfered with.

The last point attacks a portion of the charge laying before the jury the various elements of damage; the particular ground of attack being that the judge, in treating of the element of future losses, omitted to say that such future losses should be discounted at their present value; a point discussed by this court in *Lambert* v. *Trenton and Mercer County Traction Co.,* 135 *Atl. Rep.* 270, which case is now before the Court of Errors and Appeals after a second trial. Whatever may be the result in that case, it contains an element not inhering in that at bar, viz., that in the Lambert case the court was expressly requested to give a certain instruction with relation to such future losses, and declined to do so, while in the present case no such request was made, and the instruction that the jury should find such sum as would *compensate* the plaintiff for * * * money loss already sustained and what he will sustain in the future is in no wise erroneous if the word "compensate" implies, as we think it does, the rendition of a verdict now which would properly discount future losses at their present value.

The rule to show cause will be discharged.