ROBERT R. T. GRANT, ADMINISTRATOR, *vs.* WILLIS G. MacLELLAND.

Third Judicial District, New Haven, June Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued June 6th—decided July 10th, 1929.

*William W. Gager,* for the appellant (plaintiff).

*Daniel D. Morgan,* for the appellee (defendant).

WHEELER, C. J.   The plaintiff's decedent, while being transported as a nonpaying guest in an automobile owned and operated by the defendant, was killed, through, as the plaintiff alleges and claims to have proved, the negligence of the defendant, and through his operation of the car in reckless disregard of the rights of others, including the decedent.   Under § 1 of Chapter 308 of the Public Acts of 1927, no action lies against an owner or operator of a motor vehicle for injury, in case of accident, caused to a nonpaying guest when transported by him "unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others."

The limitation of the guest to the maintenance of these two specified causes of action excludes by neces-

sary implication a right of action for negligence. The complaint was drawn after our decision in *Silver* v. *Silver,* 108 Conn. 371, 143 Atl. 240; it purports to state a cause of action based upon defendant's reckless disregard of the rights of others and also one for the negligent failure of the defendant to operate his automobile with ordinary care and for its operation in violation of statutory provisions. The allegations referring to a common-law action of negligence had no place in the complaint unless the plaintiff purposed attacking the constitutionality of this Act, or sought to secure a construction of it which would permit an action based upon common-law negligence. In the trial of this action neither of these questions was raised by the plaintiff, as appears from a reading of the requests to charge. The larger part of the charge was devoted to a discussion of the law pertinent to an action for negligence, although it was unnecessary and irrelevant to the only causes of action maintainable by or in behalf of a nonpaying guest injured while being transported by an owner or operator of a motor vehicle. *Bordonaro* v. *Senk,* 109 Conn. 428; 147 Atl. 136; *Silver* v. *Silver, supra.*

The construction of the so-called Guest Act by the court is attacked upon two grounds. The first, because the court excluded from the consideration of the jury a cause of action based upon intentional misconduct. The court was correct in its holding that neither the allegations of the complaint nor the facts as presented by the plaintiff had relation to such a cause of action. The requests to charge filed by the plaintiff contain no reference to a cause of action for intentional misconduct. The second, because the court was in error in accepting the language in *Silver* v. *Silver* and failing to make a distinction between "heedlessness" and "reckless disregard of the rights of others." "Heed-

lessness," as used in this Act, counsel assert, indicates the intention of the legislature to introduce into our legal terminology a new degree of negligence, "something more than ordinary negligence, but not as great as gross negligence or wanton misconduct." The claim is novel to this much discussed Act. It fails to notice the position of this court disapproving of an attempted division or classification of negligence into degrees in civil actions. *Dickerson* v. *Connecticut Co.*, 98 Conn. 87, 89, 118 Atl. 518. It also fails to consider the construction given this word in *Silver* v. *Silver* and it ignores the fact that the legislature, subsequent to this decision, met and adjourned and left, unchanged, the Guest Act, as we construed it. *Silver* v. *Silver* settled the point that there are only two causes of action given the guest under this Act—these we defined—and that any cause of action for negligence was not found in the Act. In view of our further consideration of this Act in the recent case of *Bordonaro* v. *Senk*, 109 Conn. 428, 147 Atl. 136, the construction as given by the decision to which we have referred must be regarded as final.

The instruction to the jury that the second of the cases where the Act gave a right of action was, "when it was caused by heedlessness or reckless disregard of the rights of others, meaning thereby something more than ordinary negligence," and the further instruction, "in other words, he must have done something more than actually fail to do just what an ordinarily prudent man would have done in order for the plaintiff to recover," was not a sufficient guide for the jury. They should have been instructed that this language should be read, "caused by his heedless and his reckless disregard of the rights of others," and in substance that it constituted wanton misconduct which consisted of a reckless disregard of the just rights or safety of

others in their lives, limbs, health, reputation or property, or of the consequences of one's action. *Silver* v. *Silver,* and *Bordonaro* v. *Senk, supra.* The court charged that to recover the plaintiff must prove that the deceased was free from contributory negligence as well as prove that the defendant was negligent. It submitted to the jury the case as comprising a cause of action based on negligence; it refused plaintiff's request to charge that: "Contributory negligence is not a defense to a cause of action for wanton misconduct. Should you find that the plaintiff has established his cause of action based upon wanton misconduct of the defendant, then you need not consider at all any claims of contributory negligence on the part of the plaintiff's intestate." In its submission of the action as one comprising an action for negligence and in its failure, not only to give this instruction and to make proper application of the instruction to the facts claimed to have been proved in this case, but also in its contrary instruction, the court was in error. *Menzie* v. *Kalmonowitz,* 107 Conn. 197, 139 Atl. 698; *Bordonaro* v. *Senk, supra,* and cases cited.

There is error and a new trial is ordered.

In this opinion the other judges concurred.