## MARIAN D. ASCHER *vs.* H. E. FRIEDMAN, INCORPORATED, ET AL.

First Judicial District. Hartford, May Term, 1929.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued May 16th—decided July 10th, 1929.

(1)

2

*Joseph B. Griffin* and *Louis M. Schatz,* for the appellant (plaintiff).

*Warren Maxwell,* for the appellees (defendants).

BANKS, J.    From the evidence offered upon the trial the jury might have reached the following conclusions: The plaintiff was a guest in a car driven by her sister. They had taken their families including two children of the plaintiff and three of her sister's children for a picnic.   While they were having their picnic lunch it suddenly grew dark and threatened a thunderstorm. The driver of the car was extremely nervous in a thunderstorm.   They hastily put everything in the car and started for home.   As they were approaching the house they were proceeding at a rate of twenty-five to thirty miles an hour and the plaintiff protested that they were going too fast but the driver paid no attention.   The house was upon their left-hand side of the street with a driveway into the yard.   The driver was proceeding to the left of the center of the street and started to enter the driveway without slackening her speed.   The right wheels of the car mounted the curb to the right of the entrance and in an endeavor to correct her course, the driver swung too far to the left, ploughed through a flower bed, and crashed into a bay window of the house about twenty-five feet from the curb. The trial court set aside the verdict in favor of the plaintiff on the ground that her case, taken in its most favorable aspect, disclosed nothing more than a case of ordinary negligence on the part of the driver of the car.

Chapter 308 of the Public Acts of 1927 provides:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others." In *Silver* v. *Silver,* 108 Conn. 371, 376, 143 Atl. 240, we construed this statute to limit liability in such actions to two classes of cases, "first, when the accident was caused by intentional misconduct, and second, when it was caused by heedless or reckless disregard of the rights of others, meaning thereby something more than the mere failure to exercise the care of a reasonably prudent man which is the familiar definition of negligence." And in *Bordonaro* v. *Senk,* 109 Conn. 428, 147 Atl. 136, we called attention to the use in the statute of the word "or" in place of "and," and said that it would meet the legislative intent to construe this phrase in the statute to read, "or caused by his heedless and his reckless disregard of the rights of others." No claim of intentional misconduct is made here, but it is contended that the jury might reasonably have found that the plaintiff's injuries were caused by the heedless and reckless disregard of her rights by her sister who was the driver of the car. The facts, as to which there was no serious dispute, disclose a typical case of negligence, the failure to exercise the care of a reasonably prudent person, for which there can be no recovery in an action by a guest. Conduct indicating a reckless disregard of the rights of others is quite distinct in its characteristics from merely negligent conduct. It is conduct which indicates an indifference to the consequences of action and constitutes wanton misconduct. *Menzie* v. *Kalmonowitz,* 107 Conn. 197, 199, 139 Atl. 898; *Bordonaro*

v. *Senk, supra.* Conduct arising from momentary thoughtlessness, inadvertence or from an error of judgment, does not indicate a reckless disregard of the rights of others. In her haste to get home before the threatened thunderstorm broke, the driver of this car turned from the street into the driveway without slackening her speed, with the result that the car failed to make the turn and mounted the curb. The accident was the result of a momentary bit of careless driving, a failure to exercise due care. There was nothing in the conduct of the defendant to indicate that she was operating the car with reckless disregard of the rights or safety of her own children and of her sister who were riding with her. There was no justification for the verdict of the jury in favor of the plaintiff and the court performed its clear duty in setting it aside.

There is no error.

In this opinion the other judges concurred.