## Hyman Berman *vs.* Leo Berman.

First Judicial District, Hartford, October Term, 1929.
Wheeler, C. J., Maltbie, Haines, Hinman and Banks, Js.

Argued October 1st—decided October 25th, 1929.

*Ralph O. Wells,* with whom, on the brief, was *William S. Locke,* for the appellant (defendant).

*Abraham S. Borden,* with whom was *Aaron Nassau,* for the appellee (plaintiff).

Wheeler, C. J.   The court found these facts:  The plaintiff was a guest, riding in the rear seat of defendant's automobile, while defendant and his fiancee, who were experienced drivers of automobiles, rode in the front seat, the fiancee driving.  They were going from Hartford to New York.  On leaving New Haven snow flurries began making the road wet and slippery. From New Haven to the point of the accident in Stratford, about fifteen miles, the automobile was driven

at a speed of forty miles an hour. The plaintiff requested the driver to slow down; she refused his request. Twice the plaintiff requested the driver to stop and allow him to get out. She did not stop nor slow down, but remarked to plaintiff that she knew how to drive and to sit in the back and keep still. The defendant did not interfere or take part in this discussion. At the point of the accident there was a double line of trolley tracks in the center of the road and a narrow driving space on either side of these tracks and near this point the road was slightly narrowed by barrels standing at the side of the road where it was under repair. The driver continued to drive at forty miles an hour on the wet pavement through the falling snow. At this point she lost control of the car, which began to zigzag and nearly collided with another automobile, and leaving the road near the point where the barrels were, it struck and broke a telephone pole, causing the plaintiff's injury.

The trial court concluded that the manner in which the automobile was driven at the time of the accident, under the then-existing circumstances, constituted a heedless and reckless disregard of the rights of others within the meaning of the guest statute, Chapter 308 of the Public Acts of 1927.

The condition of the road made it dangerous for driving at the speed at which the driver persisted in driving through the falling snow despite the plaintiff's request that she slow down, and his twice repeated request that she stop and allow him to get out. The narrowness of the driving space of the road at about the point of the accident added to the danger of driving at such speed upon a wet road through the falling snow. The liability of the car skidding and the driver losing control of the car were imminent. The driver maintained this course of conduct for almost

the entire distance between New Haven and the point of accident. Both the driver and the defendant were fully warned of the danger in persisting in so driving, yet both were indifferent to the plaintiff's request to slow down and let him get out.

This does not present a case of mere negligence, rather it indicates an indifference to the consequences liable to befall the plaintiff. Wanton misconduct is the reckless disregard of or indifference to the rights of others. *Bordonaro* v. *Senk,* 109 Conn. 428, 147 Atl. 136.

The conclusion of the trial court cannot be held to have been unreasonably drawn from the subordinate facts.

There is no error.

In this opinion the other judges concurred.