BEATRICE POTZ *vs.* FRANK WILLIAMS.

First Judicial District, Hartford, May Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 5th—decided June 1st, 1931.

*John C. Blackall,* with whom was *F. J. LeRoy,* for the appellant (defendant).

*Henry J. Calnen,* with whom was *Robert J. Travis,* for the appellee (plaintiff).

MALTBIE, C. J. The defendant, on August 9th, 1930, left Stamford at about eleven o'clock in the forenoon, drove his automobile to Worcester, Massachusetts, and from there to Springfield. He arrived in the latter city between nine and ten o'clock in the evening and stopped to call upon an aunt. There he met the plaintiff, who was intending to return to her home in Hartford by bus. As he would pass through Hartford he invited her to ride down with him as his guest. They left Springfield about ten-forty-five, standard time, and had reached the outskirts of Hartford about eleven-thirty p. m., when the accident occurred which resulted in the injury of which the plaintiff complains. The defendant was driving his car at a moderate rate on his own right-hand side of a rather wide street, which had double trolley tracks in the middle, when the car suddenly swerved to the left, crossed the trolley tracks and collided with a car proceeding in the

opposite direction upon its own right-hand side of the street. The explanation of the accident given by the defendant upon the witness stand was that another car turned suddenly out from the curb in front of him, he turned to the left to avoid it, "stepped on the gas," and the next thing he knew was the crash of the collision; and he added: "I think I dozed off or something." Undoubtedly the jury were entitled to draw the conclusion from the nature of the accident and the testimony of the witness that the collision was caused by the defendant dozing off as he was driving his car.

As a guest in the car the plaintiff could only recover if she satisfied the jury that the defendant was guilty of reckless conduct within the provisions of § 1628 of the General Statutes. This statute, in the aspect of it here presented, requires proof by a guest in an automobile seeking to recover from the operator of it that the accident was "caused by his heedless and his reckless disregard of the rights of others, and in substance that it constituted wanton misconduct which consisted of a reckless disregard of the just rights or safety of others in their lives, limbs, health, reputation or property, or of the consequences of one's action." *Grant* v. *MacLelland,* 109 Conn. 517, 520, 147 Atl. 138. In *Bushnell* v. *Bushnell,* 103 Conn. 583, 131 Atl. 432, in considering sleep in its relation to negligence, we said (p. 592): "In any ordinary case, one cannot go to sleep while driving an automobile without having relaxed the vigilance which the law requires, without having been negligent; it lies within his own control to keep awake or cease from driving; and so the mere fact of his going to sleep while driving is a proper basis for an inference of negligence sufficient to make out a prima facie case, and sufficient for a recovery, if no circumstances tending to excuse or justify his conduct are proven." We also there pointed out (p. 591):

"There are few ordinary agencies so fraught with danger to life and property as an automobile proceeding upon the highway freed from the direction of a conscious mind, and because this is so, reasonable care to avoid such a danger requires very great care." It is but the plainest common sense to recognize that there are circumstances under which the operation of an automobile upon the highway by one who is or should be aware of the likelihood that sleep will overtake him could reasonably be held to constitute reckless misconduct. *Blood* v. *Adams* (Mass.) 169 N. E. 412. Whether in a particular case this is so must depend upon the circumstances, and especially upon the extent to which the driver realizes or ought to realize that there is a likelihood of sleep overtaking him. Ordinarily the decision of the question must be one of fact for the jury and if the conclusion they reach is reasonable in the light of the evidence and the inferences they may properly draw, it must stand.

In the instant case the defendant himself testified that he had been "driving alone all day long"; that he was pretty tired and was yawning quite a good deal; that he had dozed off once before reaching Windsor Locks, a few miles from Hartford. In answer to a question, "So that you knew when you were at Windsor Locks that your mind wasn't very good; you were dozing off, is that right?" He answered, "I was dozing off. I was figuring getting into Hartford and stopping and getting a cup of black coffee, or something, to see if I could wake up." Later he gave as his reason for not stopping to get coffee at Windsor Locks or in the intervening town of Windsor that he did not like the kind served there. Finally, his examination proceeded as follows: "Q. Well, as you left Springfield, and found yourself dozing off why didn't you stop your car and rest up? A. Well, I thought I could make it.

Q. That you could make Stamford or Hartford? A. Hartford. Q. That is you thought you could make it without falling asleep? A. Yes, sir. Q. Did you notice that you were tired when you left Springfield? A. Yes, sir."

With this testimony before them we cannot say that the jury might not reasonably conclude that there was such a likelihood of the defendant falling asleep if he continued to drive his car, of which he should have been aware, that it was reckless misconduct within the meaning of the statute for him to proceed as he did.

There is no error.

In this opinion the other judges concurred.