HELEN UPSON *vs.* THE GENERAL BAKING COMPANY ET AL.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.
Argued October 21st—decided November 4th, 1931.

*William A. Bree,* with whom was *H. Frederick Day,* for the appellant (defendant Upson).

*Edward S. Pomeranz,* with whom, on the brief, were *S. Polk Waskowitz* and *George Miske,* for the appellee (plaintiff).

PER CURIAM. The plaintiff was riding as a gratuitous guest in an automobile owned and driven by the defendant Upson, hereafter referred to as the defendant, and sustained injuries by reason of the latter driving off the road in attempting to pass a truck owned by the defendant The General Baking Company. The jury might reasonably have found that the defendant was proceeding at a very rapid rate of speed when about three hundred feet behind the truck, that at that time the truck driver put out his hand indicating a turn to the left, slowed his car, and began gradually to make a turn into a driveway, that this signal was called to the defendant's attention by one of his passengers, but he did not slow down nor put on his brakes but instead tried to pass the truck on its left, though there was room to pass it on the right, and shot off the highway, that he did not sound his horn until he was passing the truck, at which time he was going from fifty to sixty miles an hour, and that he did not slacken the speed of his car for some distance after it left the highway, when it crossed the driveway, jumped a ditch, broke through a fence knocking down three posts, and came to a stop in a meadow, a total distance of two hundred and fifteen feet. From the evidence we cannot say, as a matter of law, that the jury were not justified in concluding that the defendant was guilty of heedless and reckless disregard of the rights of his passengers (*Bordonaro* v. *Senk,* 109 Conn. 428, 147 Atl. 136), instead of holding that his

conduct arose merely from momentary thoughtlessness, inadvertence or an error of judgment. *Ascher* v. *Friedman, Inc.,* 110 Conn. 1, 147 Atl. 263.

There is no error.