MARIE D. SHINVILLE vs. LAURA S. HANSCOM.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 5th—decided May 16th, 1933.

MALTBIE, C. J. The plaintiff brought this action to recover for injuries suffered while riding in an automobile as the guest of the defendant. The trial court has found that the circumstances immediately involved in the accident were these: The defendant had been

driving upon the College highway for about a mile and a half and at the time of the accident was proceeding southerly upon a straight and practically level stretch of road, with a paved surface. A light rain or mist was falling. The defendant, shortly before the accident, passed another car going in the same direction. She had turned back to the right side of the road when she saw in front of her what appeared to be a patch of oil. This she attempted to avoid by swerving her car a little to the right and by straddling it in order to guard against the danger of skidding. The automobile started very suddenly to skid and the defendant applied the brakes. Thereupon the rear of the car skidded to the right and the wheels came in contact with the rail of a trolley track which ran parallel to the road and immediately adjacent to the traveled portion of it. The car turned completely over and came to rest in a field at a distance of about sixteen feet from the road. The defendant was driving at the time of the accident at a speed of about forty-five miles an hour. There were no other cars upon the highway sufficiently close to be involved in the accident. Upon these facts the trial court concluded that the defendant was not guilty of negligence, much less of such reckless misconduct as would make her liable under the so-called "guest statute." General Statutes, § 1628. These conclusions the trial court could reasonably reach upon the facts found.

No change can be made in the finding nor can any facts be added which would be material to the trial court's conclusion. The plaintiff requested the court to find certain facts as to the conduct of the defendant, and requests made to her to drive more slowly on previous occasions on the trip. The only incidents of this kind finding support in the evidence occurred before the car had reached the College highway. Upon

the record before us, the testimony as to them seems to have been undisputed, but the trial court may not have given credence to that evidence. However that may be, in this instance the failure of the trial court to make the findings in question cannot be deemed material to the issues involved in the case. To furnish a basis of recovery, reckless misconduct must have been a substantial factor in bringing about the injuries complained of. If the defendant had been guilty of such misconduct on other occasions during the drive which was in no way a cause of the accident, it would not justify a recovery. Sometimes occurrences before or after those immediately involved in an accident may be sufficient to characterize the conduct which produced it as evincing a reckless disregard of the rights of others, but they are not material unless it appears that there was at the time of the accident misconduct which was a substantial factor in producing it. In the instant case, the finding of the trial court negatives this, and hence the previous conduct of the defendant and any warnings which might have been given her as to speed would not be material. No purpose would be served by making additions to the findings as to it.

The defendant is the daughter of the plaintiff and the action was defended by an insurance company. During the direct examination of the defendant by its counsel, he asked for a conference with the trial judge, which was held in chambers in the presence of the plaintiff's counsel. Defendant's counsel stated that he was taken by surprise by the testimony of the defendant and asked permission to cross-examine her, whereupon counsel for the plaintiff stated that he might cross-examine her to his heart's content. Thereupon the hearing was resumed, and we see nothing

in these circumstances upon which the plaintiff can found a tenable claim of error.

There is no error.

In this opinion the other judges concurred.