270 P.2d 389

**FOWLER   v.   FRANKLIN et al.**

No. 5689.

Supreme Court of New Mexico.

April 2, 1954.

Rehearing Denied May 26, 1954.

McAtee & Toulouse, Albuquerque, for appellant.

Jones & Stiff, Albuquerque, for Viola Franklin.

Iden & Johnson, Albuquerque, for Raymond M. Castor.

COMPTON, Justice.

This is a passenger's action for damages against appellee Viola Franklin, the driver of an automobile in which she was riding as a guest, and appellee Raymond M. Castor, the driver of another automobile, for personal injuries sustained in a collision. The concurring heedlessness and reckless disregard of the rights of others by the former and the negligence of the latter is charged as a proximate cause of the accident. Appellee Franklin denied the material allegations and interposed as separate defenses, the guest statute and contributory negligence. Appellee Castor likewise denied the material allegations and as a separate defense pleaded appellant's contributory negligence in knowingly riding with appellee Franklin, an alleged intoxicated driver, as a contributing cause of the accident. The cause was tried to a jury and upon submission of appellant's evidence, the court granted appellee Franklin's motion for a nonsuit and the jury returned a verdict in favor of appellee Castor. From a final judgment following the verdict, appellant is here seeking review of alleged errors.

The first question is whether appellee Franklin's conduct was in heedless and reckless disregard of appellant's rights as to warrant a recovery under the guest statute, § 68–1001, 1941 Comp., which reads:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others."

On August 5, 1951, appellant was invited by her niece, appellee Franklin, to go with her for a ride about the City of Albuquerque. She accepted the invitation, and accompanied by a third party, Rachel Longacre, they traveled eastward on Las Lomas Boulevard. They sat in the front seat, appellant in the middle and Rachel Longacre to her right. As Viola Franklin was driving east on Las Lomas Boulevard, the party was looking at new residences and discussing generally the growth of the city when suddenly the Franklin automobile collided with an automobile driven by appellee Castor. The accident occurred in the southeast quadrant of the intersection of Las Lomas Boule-

vard and Wyoming Avenue, a through street. There was a stop sign on Las Lomas Boulevard. Castor was driving north on Wyoming and both drivers had a clear unobstructed view of the intersection for several blocks. There were no buildings or other obstructions near the intersection. It is stipulated the speed limit in the City of Albuquerque is 25 miles per hour. Appellee Franklin admits she did not notice the stop sign and drove into the intersection without reducing her speed and into the side of the automobile driven by Castor. She also admits that she possibly was looking at the "U" on the Sandia Mountains, as well as at new additions to the north and was not paying much attention to the road ahead; that the first time she saw the Castor automobile it was right on her and she impulsively stepped on the accelerator to get out of the way. Mrs. Castor, who was riding with her husband, testified that the Franklin automobile was going at a "very fast rate of speed." She estimated that it was traveling from 40 to 50 miles per hour at and prior to the time of the collision.

Viewing the evidence in its most favorable light, as we must, it fails to establish heedlessness or a reckless disregard of appellant's rights as a proximate cause of the accident. That appellee Franklin was negligent is not questioned but proof of negligence alone is not the criterion of liability. There is a difference between negligence and acts or conduct in heedless and reckless disregard of the rights of others. Negligence was the basis of recovery prior to the passage of the guest statute; whereas, acts or conduct constituting heedlessness and reckless disregard of the rights of others mean wanton misconduct. Our statute was adopted from Connecticut, and this difference was pointed out in Smith v. Meadows, 56 N.M. 242, 242 P.2d 1006, wherein we cited with approval many cases from that jurisdiction. In Bordonaro v. Senk, 109 Conn. 428, 147 A. 136, 137, in construing an identical statute, the court said:

"Act or conduct in reckless disregard of the rights of others is improper or wrongful conduct, and constitutes wanton misconduct, evincing a reckless indifference to consequences to the life, or limb, or health, or reputation or property rights of another.

"We define these terms in Menzie v. Kalmonowitz, 107 Conn. 197, at page 199, 139 A. 698, 699: 'Wanton misconduct is more than negligence, more than gross negligence. It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of action.' "

In Anderson v. Colucci, 116 Conn. 67, 163 A. 610, 612, it was held:

"We are satisfied that a conclusion that there was negligence on the part

of the defendant's intestate, Colucci, would have had a reasonable basis in the evidence.

"But it was necessary to make out a prima facie case of something more than negligence in order to obtain a verdict against this defendant. Since the plaintiff had the legal status of a guest in this car, it was necessary for him to show prima facie that the intestate's conduct was in heedless and reckless disregard of the plaintiff's rights. There is no evidence and no permissible inference that this driver knowingly assumed a risk or was aware of danger, Potz v. Williams, 113 Conn. 278, 281, 155 A. 211, or that he was warned or requested to do anything different from what he did, Berman v. Berman, 110 Conn. 169, 170, 147 A. 568; Meyer v. Hart, 110 Conn. 244, 245, 147 A. 678, or that he was guilty of more than thoughtlessness, inadvertence, or an error of judgment, Upson v. General Baking Co., 113 Conn. 787, 789, 156 A. 858; Schepp v. Trotter, 115 Conn. 183, 185, 160 A. 869, or anything to justify an inference that he was indifferent to the consequences which might result to his passengers from his conduct, Ascher v. H. E. Friedman, Inc., 110 Conn. 1, 3, 147 A. 263. In short, there is no evidence or permissible inference that he was guilty of wanton or willful misconduct. * * *"

Aside from the many Connecticut cases, the conclusion reached is supported by the majority view. See, Silver v. Silver, 108 Conn. 371, 143 A. 240, 65 A.L.R. 952; Shaw v. Moore, 104 Vt. 529, 162 A. 373, 86 A.L.R. 1145 and Gifford v. Dice, 269 Mich. 293, 257 N.W. 830, 96 A.L.R. 1479. The motion for a directed verdict was properly granted.

Error is also assigned in the giving of instruction number 21, which reads:

"In order that the plaintiff may recover by reason of the negligence charged in the complaint, it must appear to you by a preponderance of the evidence that such negligence was the proximate cause of the injury suffered by the plaintiff."

It is argued the instruction was erroneous because it did not include the term "or contributed to some degree as a proximate cause of the injury suffered by the plaintiff." The jury could not have been misled by the instruction. The complaint charges the concurring negligence of both drivers as a proximate cause of the accident. In this regard the court further charged the jury:

"7. If you find from a preponderance of the evidence in this case that the defendant, Raymond M. Castor, was negligent and if you further find that the said Viola Franklin was negligent, and if you find from a preponderance of the evidence that the negligence of

both combined to cause this accident and contributed to the proximate cause of the accident, then and in that event, you will return a verdict for the plaintiff, Elizabeth Fowler, in such amount as under these instructions you believe the said plaintiff is entitled to receive."

The errors relied on are without merit. The instructions taken as a whole fairly presented the law of the case.

As previously stated, appellant's contributory negligence in knowingly riding with Viola Franklin, an alleged intoxicated driver, was pleaded by Castor as an affirmative defense. Over appellant's objection, the court charged the jury:

"8. * * * *One* act of contributory negligence that has been pleaded against the plaintiff is that at the time of the accident she was riding with a driver who was under the influence of intoxicating beverages and that she was negligent in riding with a driver who was in such a condition." (Emphasis ours.)

"9. In considering whether or not the plaintiff, Elizabeth Fowler, was contributorily negligent, the jury may *also* take into consideration her conduct and actions as a passenger in the Franklin automobile at the time of the accident and shortly before the time of the accident." (Emphasis ours.)

Clearly the pleadings limited appellant's negligence solely to the issue of knowingly riding with an intoxicated driver. In this regard, instruction number 8 was proper. Whether appellant was guilty of contributory negligence as charged was for the jury. Anderson v. Colucci, supra. But instruction number 9 presented an additional issue, contributory negligence generally, which might easily mislead the jury.

Other questions are raised but they are such as will not likely develop on a subsequent hearing. The judgment will be affirmed in part and in part reversed. It will be affirmed as to appellee Franklin and reversed as to appellee Castor, the costs to be borne equally by appellant and appellee Castor.

It is so ordered.

McGHEE, C. J., and SADLER and LUJAN, JJ., concur.

SEYMOUR, J., not participating.