STATE OF CONNECTICUT *v.* ROBERT J. EDWARDS

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV-17-17M

Argued April 27—decided July 27, 1961

*Donald J. Cantor,* of Hartford, and, on the brief, *Richard S. Levin,* of Hartford, for the appellant (defendant).

*Bernard F. Grabowski,* prosecuting attorney, for the appellee (state).

DEARINGTON, J. The defendant was convicted in a trial to the court under an information charging

reckless driving in violation of § 14-222 of the General Statutes, and has appealed. The only assignment of error is that the trial court could not properly, upon all the evidence, find him guilty.

Briefly summarized, the evidence discloses that the defendant was driving his car in an easterly direction on Farmington Avenue in Bristol at approximately 9:30 p.m., on December 19, 1960, in the vicinity of Stafford Avenue. Farmington Avenue at that point is a two-lane highway running east and west, the lanes being separated by double white lines. The double white lines were covered with moist sand and were not visible at the time. The weather was clear, and areas of the traveled portion of the highway were wet. Traffic was moderately light, and snow was banked on the sides of both shoulders of the highway, since it had snowed that day from noon until about 4 o'clock in the afternoon. The road surface was sanded, and there were some ice and snow on the shoulders of the highway. The car of the defendant was traveling at an estimated speed of between twenty-five and thirty miles an hour and was proceeding down a grade. The width of the road from snowbank to snowbank was thirty-five feet at this point.

The defendant's car suddenly veered to its left, passing over the center lines, and appeared to skid or slide at an angle, straddling the center of the highway until it struck a truck being operated by one Figowy and traveling in the opposite direction. The defendant was rendered unconscious as a result of the collision. The right front end of the Figowy truck, as well as the right front end of the defendant's car, was damaged. The distance traveled by the defendant's car from the point where it was first observed to veer to its left is uncertain, but it might be found to be 150 feet.

The decisive inquiry is whether the trial court was warranted in finding the defendant guilty of operating a motor vehicle "recklessly," within the meaning of the statute. The state claims a violation of the statute in that the defendant applied his brakes on a slippery road, his car skidded, he lost control of it, and it went over into the lane of approaching traffic. The defendant does not deny these facts, and when asked by the court why he applied his brakes he answered, "When I—I didn't know whether there was ice under the snow or not, and as I applied my brakes, I skidded, sir." Asked how he applied his brakes, he answered, "I might have put them on hard; I don't remember. I just touched them. I have power brakes and I touched them and just skidded."

Skidding, in and of itself, does not necessarily establish negligence. *James* v. *Von Schuckman,* 115 Conn. 490, 493; *Shinville* v. *Hanscom,* 116 Conn. 672, 673; *Porpora* v. *New Haven,* 122 Conn. 80, 85; *Staplins* v. *Murphy,* 121 Conn. 123, 125. Since the only overt act of the defendant in issue was the application of his brakes which resulted in his skidding or going over the center lines into approaching traffic, the vital question is whether such conduct under the driving conditions then prevailing constituted operating "recklessly," within the meaning of our statute.

In *Menzie* v. *Kalmonowitz,* 107 Conn. 197, 199, the court held: "Wanton misconduct is more than negligence, more than gross negligence. It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of action." In *Brock* v. *Waldron,* 127 Conn. 79, 84, the court said: "One is guilty of reckless misconduct when 'knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable

risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him.'" In *Mooney* v. *Wabrek,* 129 Conn. 302, 308, the court said: "Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It 'requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man,' and the actor 'must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent.' . . . It is 'more than negligence, more than gross negligence.' . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." See also *State* v. *Camera,* 132 Conn. 247, 250. In *Gonier* v. *Chase Companies, Inc.,* 97 Conn. 46, 56, the court said: "No misconduct which is thoughtless, heedless, inadvertent or of the moment, and none which arises from an error of judgment, can be 'wilful and serious misconduct.'" The court held in *Ferris* v. *Von Mannagetta,* 124 Conn. 88, 91: "There is an entire absence of any prior course of dangerous or negligent conduct. All that the misconduct of the defendant could be held to have amounted to, was 'in impulsive inadvertence,' ' "a momentary bit of careless driving, a failure to exercise due care." ' . . . Her conduct cannot be said to evince 'other than a high degree of negligence . . .' "

There remains only the application of the law in these cases to the case at hand. The act of the defendant in applying his brakes under the prevailing weather conditions might be characterized as

thoughtless, heedless and an error in judgment, but even though it might evince a high degree of negligence on his part, it did not constitute operating "recklessly" within the meaning of the statute.

There is error, the judgment is set aside and the case is remanded with direction to render judgment that the defendant is not guilty and ordering that he be discharged.

In this opinion RUBINOW, Chief Judge, and PRUYN, J., concurred.