[No. 38255.   Department Two.   May 19, 1966.]

KAREN L. GASTKILL, *Appellant*, v. ALLEN H. FORREST,
*Respondent*.*

*Sullivan, Burton & Meade*, by *Daniel F. Sullivan*, for
appellant.

*Frank H. Roberts, Jr.*, for respondent.

BARNETT, J.†—This is a case involving a sleeping driver.
Defendant (respondent) fell asleep at the wheel of his auto-
mobile which was traveling in a southerly direction on
Broadway in the city of Seattle, and which collided with
another vehicle traveling northbound. Plaintiff (appellant),
gratuitous guest of defendant, sustained injuries resulting
from the collision and brought this action in the Superior
Court of King County for damages.

Plaintiff alleged, *inter alia*, "That the collision resulting
in injuries and damages was the direct and proximate result

*Reported in 414 P.2d 613.

†Judge Barnett is serving as a judge pro tempore of the Supreme
Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

of the reckless and grossly negligent conduct of the defendant . . . including his intoxication at the time and place of the accident." Defendant answered, admitting the accident and the injuries sustained by plaintiff, but denying that he was either grossly negligent or intoxicated.

The cause was tried to the court sitting without a jury. It was dismissed at the close of plaintiff's case upon defendant's challenge to the sufficiency of the evidence. Thereafter the court entered findings of fact and conclusions of law. Concluding that plaintiff had failed to make out a prima facie case, the court upheld defendant's challenge to the sufficiency of the evidence. This conclusion is predicated upon a finding that the accident was not the result of the defendant's intentional act, gross negligence or intoxication. Plaintiff appeals from the involuntary nonsuit entered against her.

Plaintiff accepts as verities the trial court's findings No. 1 through No. 6 (with the exception of the italicized portion of finding No. 3) as constituting a concise evaluation and summary of the evidence presented at trial. These findings are as follows:

> That the plaintiff, Karen L. Gastkill, was at the time of trial over twenty-one years of age and was substituted as the sole party plaintiff and is a resident of King County, Washington. That the defendant, Allen H. Forrest, is a resident of King County, Washington, and at all times hereinafter referred to was the owner and operator of a 1959 Chevrolet convertible automobile. Finding of Fact No. 1.
>
> That on the 1st day of January, 1963, the plaintiff, Karen L. Gastkill, was being transported by the defendant, Allen H. Forrest, in said defendant's automobile as an invited guest without payment for such transportation and on said date, said plaintiff sustained personal injuries when said defendant fell asleep at the wheel of his automobile which was traveling in a southerly direction on Broadway at a point just south of its intersection with Madison Street, all located within the City of Seattle and did then and there, at the hour of approximately 2:45 o'clock a.m., collide with another vehicle traveling northbound on Broadway, said collision occurring entirely within the lane of travel of the other vehicle, partially

within the inside north traffic lane and partially within the outside north traffic lane, and within the intersection of Broadway and Madison Street. Finding of Fact No. 2.

That the defendant, Allen H. Forrest, at the time of the accident, was under the influence of intoxicants *but was not intoxicated.* (Italics ours.) Finding of Fact No. 3.

That the defendant, Allen H. Forrest, at the time of undertaking the journey which was uninterrupted prior to the accident, was tired, had been without sleep for approximately 21½ hours, had had no dinner, and had consumed approximately seven drinks between the hour of 4:00 o'clock p.m. on the 31st day of December, 1962, and the hour of 2:00 o'clock a.m. on the 1st day of January, 1963, including two bottles of beer with the remainder of the drinks being gin, and that approximately one hour after the accident the defendant had a Breatholizer reading of 1.30. Finding of Fact No. 4.

That there was nothing about the conduct or behaviour of the defendant, Allen H. Forrest, that would lead a reasonably prudent passenger, under similar circumstances as those observed by the plaintiff Karen Gastkill, to a conclusion that it would be unsafe to ride with the defendant, Allen H. Forrest, at the time the journey in question was undertaken. Finding of Fact No. 5.

That the plaintiff, Karen Gastkill, was asleep at the time of the accident and had been asleep for approximately 20 to 25 minutes prior to the accident. Finding of Fact No. 6.

Plaintiff, in effect, assigns error to: (1) the finding that defendant was not "intoxicated" at the time of the accident; (2) the finding that the accident was not the result of defendant's intentional act, gross negligence or intoxication; (3) the conclusion that plaintiff failed to establish a prima facie case; and (4) the conclusion that defendant was not guilty of gross negligence or intoxication.

It will be noted that defendant was found to have been under the influence of intoxicating liquor at the time of the accident. Considerable space is devoted in the briefs of both of the parties concerning the meaning of the word "intoxication" in the host-guest statute, the pertinent part of which follows:

> No person transported by the owner or operator of a motor vehicle as an invited guest or licensee, without payment for such transportation, shall have cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator, or the result of said owner's or operator's gross negligence or intoxication . . . . RCW 46.08.080.

Defendant invites us to hold that the word "intoxication" means "drunkenness," and that was the opinion of the sagacious trial judge. We deem it unnecessary to resolve this question under the fact pattern of this case.

There is here presented to us a fixed state of facts. Defendant at the time of the accident was under the influence of intoxicating liquor. He had been without sleep for some $21\frac{1}{2}$ hours; had had no dinner; and had consumed approximately seven drinks in the 10 hours immediately preceding the accident. These drinks included two bottles of beer, the remainder being gin. Approximately 1 hour after the accident defendant had a "breathalyzer" reading of 0.130. Defendant fell asleep at the wheel of his automobile immediately prior to the accident. Before falling asleep, there was no evidence showing that he had been driving erratically, or that he had felt sleepy.

Defendant contends that, absent evidence of circumstances from which he should have *foreseen* his falling asleep, the evidence is insufficient to support a finding of gross negligence. He relies upon the rule as enunciated in 8 Am. Jur. 2d *Automobiles and Highway Traffic* § 512 (1963). "The mere fact of falling asleep while driving does not constitute gross negligence . . . within the meaning of a guest statute . . . ." Defendant argues that foreseeing the likelihood of falling asleep or dozing off while driving is the key to a finding of gross negligence.

We said in *Nist v. Tudor*, 67 Wn.2d 322, 407 P.2d 798, 803 (1965):

> Gross negligence, being a form of negligence on a larger scale, must also, like ordinary negligence, derive from foreseeability of the hazards out of which the injury arises.

It means, therefore, gross or great negligence, that is, negligence substantially and appreciably greater than ordinary negligence. Its correlative, failure to exercise slight care, means not the total absence of care but care substantially or appreciably less than the quantum of care inhering in ordinary negligence. In determining the degree of negligence, the law must necessarily look to the hazards of the situation confronting the actor.

It cannot be gainsaid that, if one voluntarily drives an automobile on a public street or highway at any time of the day or night with his eyes closed, he would be guilty of gross negligence. Is it not just as voluntary, in a sense, to drive a car upon the highway after one has taxed his power of endurance by drink and the loss of sleep? We believe it is.

It is from the circumstances of the case that it is to be determined whether his helpless condition was, in this sense, voluntary, and so it is material to consider not only the fact of sleep, but also the preceding events and from them to discover his condition as to fatigue and alertness of mind. *Steele v. Lackey,* 107 Vt. 192, 196, 177 Atl. 309 (1935).

A landmark case often cited, though not decided under a guest statute, is *Bushnell v. Bushnell,* 103 Conn. 583, 591, 131 Atl. 432, 44 A.L.R. 785 (1925). We quote from it as follows:

Sleep in such a situation does not ordinarily come upon one unawares, and by watching for indications of its approach, or heeding circumstances which are likely to bring it about, one may either ward it off or cease an activity capable of danger to himself or to others. There are few ordinary agencies so fraught with danger to life and property as an automobile proceeding upon the highway freed of the direction of a conscious mind, and because this is so, reasonable care to avoid such a danger requires *very great care.* . . . In any ordinary case, one cannot go to sleep while driving an automobile *without having relaxed the vigilance which the law requires, without having been negligent* . . . . (Italics ours.)

In *Potz v. Williams,* 113 Conn. 278, 155 Atl. 211 (1931), decided under a guest statute, the evidence at trial included testimony by defendant that he had "dozed off" immediately

prior to the accident. The jury returned a verdict for the guest plaintiff. In upholding the judgment entered upon the verdict, the court remarked, at 281:

It is but the plainest common sense to recognize that there are circumstances under which the operation of an automobile upon the highway by one who is or should be aware of the likelihood that sleep will overtake him could reasonably be held to constitute reckless misconduct.

In *Theisen v. Milwaukee Auto. Mut. Ins. Co.,* 18 Wis. 2d 91, 98, 118 N.W.2d 140, 119 N.W.2d 393 (1962), it was said:

[W]e find no justification in the common experience of mankind for one's falling asleep with his foot on the accelerator, his hands on the wheel, and his auto transformed into an instrument of destruction. The process of falling asleep—normal and healthy sleep—is a matter of common experience and usually attended by premonitory warnings or is to be expected. Such warnings or reasonable expectations of sleep are especially accentuated when one is conscious of his duty to stay awake while driving and the failure to heed such warnings and permitting oneself to fall asleep while driving an automobile must be deemed negligence as a matter of law. If while driving a car one is in such a state of exhaustion that he falls asleep without any premonitory warning, he is chargeable with the knowledge of any ordinarily prudent man that such exhaustion is reasonably likely to cause sleep while driving. [Citing cases.]

Our inquiry is whether the fixed state of facts shows gross negligence. We are frank to admit there are cases from other jurisdictions with similar fact patterns in which it has been held that gross negligence was not established. With those cases we do not agree. The fact that defendant had gone without sleep for some 21 hours, and had consumed some seven drinks in the 10 hours preceding the accident put him on notice that he was reasonably likely to fall asleep while driving. We are supported in this decision by our own case of *Pickering v. Stearns,* 182 Wash. 234, 46 P.2d 394 (1935). The evidence tending to explain the cause of the accident in that case consisted of (1) the defendant's testimony that his vehicle must have skidded on loose gravel, and (2) other testimony of out-of-court statements made by

defendant to the effect that he had, or might have, gone to sleep at the wheel. We held that the jury was justified in finding, from the conflicting evidence, that defendant had been grossly negligent. In the course of that opinion we cited the *Potz* case, *supra,* with approval, and chose not to follow the decisions from other jurisdictions—some cited by defendant—to the effect that gross negligence cannot be established by a mere showing that the driver had fallen asleep at the wheel, saying, at 243:

> The laws of different jurisdictions controlling the matter of the liability of a host to his guest vary so greatly, and the facts of the different cases cited are so different, that, in determining the question here at issue, the authorities cited are of little benefit.

We hold that the fixed state of facts before us constitutes gross negligence as a matter of law. Having not slept for some 21 hours, and having partaken of intoxicating beverages throughout the previous night and early morning, defendant should have been aware—indeed, he was put on notice—that he was likely to succumb to slumber at a given moment. By undertaking to maneuver an automobile through the streets of a city under these circumstances, defendant *exhibited a degree of care appreciably less than the quantum of care inhering in ordinary negligence.*

The case is reversed and remanded for a new trial.

ROSELLINI. C. J., DONWORTH, FINLEY, and HAMILTON, JJ., concur.